HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BONNIE HOLLAND,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURENCE N BURTON,<br><br>    Defendant. | CASE NO. C17-5010-RBL<br><br>ORDER DENYING IFP AND REMANDING |

THIS MATTER is before the Court on Defendant Burton's Motion for Leave to Proceed in forma pauperis. Following a foreclosure sale, Plaintiff Holland sued Burton for unlawful detainer in state court, under state law. Burton claims that the action implicates his rights under federal law, specifically the "Tenants at Foreclosure Act, 12 U.S.C. §5220." On the basis of this "federal question," Burton removed the case to this Court under 28 U.S.C. §1331 and 1441. He apparently seeks *in forma pauperis* status so that he does not have to pay the filing fee associated with removal.

The underlying state law Unlawful Detainer Complaint is attached to the Notice of Removal. It specifically references only "RCW 61.24.060" and the Washington State Deed of

1  Trust Act. It does not reference, rely upon, or assert any claim under any federal law or statute; it
2  is a plain vanilla, state law eviction case.
3        A district court may permit indigent litigants to proceed *in forma pauperis* upon
4  completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad
5  discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
6  actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th
7  Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed
8  *in forma pauperis* at the outset if it appears from the face of the proposed [pleading] that the
9  action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369
10 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*
11 complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v.*
12 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
13 1984).
14       A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it
15 must nevertheless contain factual assertions sufficient to support a facially plausible claim for
16 relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*
17 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A
18 claim for relief is facially plausible when "the plaintiff pleads factual content that allows the
19 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
20 *Iqbal*, 556 U.S. at 678.
21       The party asserting federal jurisdiction has the burden of proof on a motion to remand to
22 state court. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196
23 (N.D. Cal.  1998). The removal statute is strictly construed against removal jurisdiction, and the
24

strong presumption against removal jurisdiction mans that the defendant always has the burden of establishing removal is proper. *Id.* at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted). A defense is not part of a plaintiff's properly pleaded statement of his or her claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

The underlying complaint does not raise or rely on a federal question, and Burton's claim that he has a federal defense is not sufficient to confer jurisdiction. Burton has not met and cannot meet his burden of establishing that removal was proper, or that this court has jurisdiction over the case. The removal to this action was therefore improper.

His Motion to proceed *in forma pauperis* is DENIED. The Court will *sua sponte* REMAND this case to the Pierce County Superior Court. The Court will not entertain a motion for fees or costs.

IT IS SO ORDERED.

Dated the 6th day of January, 2017.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge